(January 25, 1990)

■ In the Matter of SEYMOUR KIRSCHNER, Appellant, v DE-PARTMENT OF ENVIRONMENTAL PROTECTION OF THE CITY OF NEW YORK et al., Respondents.—Judgment of the Supreme Court, New York County (Edward H. Lehner, J.), entered October 3, 1988, which dismissed the petition brought pursuant to CPLR article 78, is unanimously affirmed, without costs.

Petitioner's challenge to his managerial performance evalu-

ation for the 1983-1984 and 1984-1985 years is meritless. Mr. Adamski's (his supervisor) analysis was fully supported by the record which showed petitioner's attitude was the cause of many of his problems.

So too the evaluation of Mr. Lutzic who replaced Adamski for the 1984-1985 evaluation period. Petitioner's uncooperative and unresponsive nature, along with his own disorganized laboratory system, undermines any attempt to shift blame for his failings on anyone but himself. As such, it cannot be said that the findings of the respondents were arbitrary, capricious or an abuse of discretion.

Petitioner's constitutional claims are equally meritless. A property interest arises only where there is a legitimate claim of entitlement to some benefit which is created by law. *(Matter of Economico v Village of Pelham,* 50 NY2d 120 [1980].) Here, there can be no legitimate claim of entitlement. Similarly, a constitutional liberty interest can only be challenged when a government action puts a person's good name, reputation, honor or integrity in question. *(See, Wisconsin v Constantineau,* 400 US 433, 437 [1971].) Clearly no liberty interest was implicated here. The only dissemination of information in this instance was by petitioner himself, and cannot form the basis of a constitutional claim.

We have considered the remainder of petitioner's arguments and find them to be without merit. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Rosenberger, JJ.